UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PABLO BUCHILLION,                                          CASE NO.:

      Plaintiff,

v.                                                                            **PLAINTIFF DEMANDS
                                                                                A TRIAL BY JURY**

ACME CARIBBEAN, LLC.,

      Defendant.
_____/

## COMPLAINT

Plaintiff, PABLO BUCHILLION (hereinafter referred to as "Plaintiff" and/or "BUCHILLION"), by and through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant ACME CARIBBEAN, LLC. (hereinafter referred to as "Defendant" and/or individually as "ACME"), and alleges as follows:

## NATURE OF CASE

1. This employment discrimination case is about an employer who subjected its older and/or disabled employee to harassment, discrimination and retaliation at the cost of his physical health, before ultimately culminating in the unlawful termination of the employee.

2. Plaintiff BUCHILLION brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("**ADA**"), and the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. ( "**ADEA**").

3. Mr. BUCHILLION seeks monetary relief to redress Defendants' unlawful employment practices in violation of the ADA, and the ADEA. Additionally, this action seeks to redress Defendants' deprivation of Mr. BUCHILLION's personal dignity and his civil right to pursue equal employment opportunities.

4. Throughout the course of his employment, Mr. BUCHILLION found himself at the center of a hostile work environment as part of a scheme orchestrated by Defendants to unlawfully eliminate Plaintiff from his position.

5. Defendants' unrelenting discrimination against Plaintiff culminated with his unlawful termination.

6. At bottom, Defendants are liable for subjecting Mr. BUCHILLION to a work environment infested with relentless discrimination and for wrongfully terminating because of his age and/or disability, and for retaliating against Plaintiff for his complaints of discrimination.

## JURISDICTION AND VENUE

7. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to ADA and the ADEA.

8. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under ADA and ADEA.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Miami-Dade County. Additionally, the events took place in Miami-Dade County.

## PROCEDURAL PREREQUISITES

10. Plaintiff has complied with all statutory prerequisites to file this action.

11. On or about May 19, 2020, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant as set forth herein, Charge number 15D-2020-00915.

12. An EEOC filing automatically operates as a dual FCHR filing.

13. On or about January 22, 2021, the EEOC issued a right to sue letter, and this action is being commenced.

14. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

15. This action is being commenced more than (180) days since the inception of Plaintiff's administrative action against the Defendants.

## PARTIES

16. At all material times, Plaintiff BUCHILLION is an individual male over the age of forty (YOB: 1962) with a qualifying disability (hypertension) who is a resident of the State of Florida and resides in Miami-Dade County.

17. At all material times, Defendant ACME is a Florida Limited Liability Company duly existing by the virtue and laws of the State of Florida with offices in Miami-Dade County, Florida.

18. Defendant ACME is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

19. At all material times, Defendant ACME employed MICHEAL AMADOR (hereinafter referred to as "AMADOR") as a General Manager.

20. At all material times, AMADOR held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including but not limited to the power to hire and fire Mr. BUCHILLION.

## FACTUAL ALLEGATIONS COMMON TO ALL COMPLAINTS

21. Plaintiff is a disabled individual man over the age of 40 who suffers from with hypertension. Hypertension (commonly referred to as "high blood pressure") is a disease that affects the heart's ability to pump blood throughout the body. Although a person who suffers from hypertension may be asymptomatic for many years, this condition can lead to serious health consequences such as heart failure or stroke.

22. On or about September 1, 2019, Defendant hired Plaintiff as a "Long-Distancer Cargo Driver."

23. Plaintiff BUCHILLION's responsibilities included but were not limited to driving buses and trucks from South Florida to other states across the continental United States. In order to hold this position, Defendant ACME required Mr. BUCHILLON to maintain a Commercial Driver's License ("CDL").

24. As a result of Mr. BUCHILLON's medical condition, he regularly received a medical clearance in order to maintain his CDL, and his CDL was valid for all times relevant to this complaint.

25. Moreover, at all material times, Defendant ACME was aware of Plaintiff BUCHILLON's disability.

26. On or about September 22, 2019, Plaintiff BUCHILLON was driving from South Florida to Illinois when he began to experience symptoms consistent with a heart attack, including shortness of breath and chest pains. Terrified of the risk this imposed to both himself and

other drivers, Mr. BUCHILLON's suspended his drive and diverted instead to the nearest emergency room to seek immediate treatment.

27. After six hours of hospitalization and a battery of tests, doctors at the emergency room discharged Plaintiff BUCHILLON with medication for hypertension and Xanax, an anti-anxiety medication. Xanax is a benzodiazepine, a class of medications that work on the central nervous system. Side effects stemming from the use of benzodiazepines include but are not limited to dizziness and drowsiness. Prior to his discharge from the hospital, doctors advised Mr. BUCHILLON not to drive any vehicle until he no longer felt the adverse effects of Xanax.

28. On or about September 23, 2019, the next day, Plaintiff BUCHILLON still did not feel better and went to secure a secondary diagnosis at an emergency room at a different hospital. The emergency room doctors confirmed the prior diagnosis prescribed the same medications, namely Xanax.

29. After his second hospitalization in as many days, Plaintiff BUCHILLON advised Defendant of his medical condition and his inability to temporarily discharge his work duties. Plaintiff requested a reasonable accommodation from his employer, expressly requesting that another driver be dispatched to retrieve the vehicle he was driving for Defendant ACME so that he could return home and receive further medical treatment from his personal physicians.

30. Despite the fact that Plaintiff advised Defendant that he was temporarily unable to drive because of his medical condition, Defendant ACME, by and through its agent/employee AMADOR, demanded that Plaintiff drive the vehicle from his location in Iowa to Chicago, Illinois, a distance of approximately 575 miles.

31. On or about September 23, 2019, despite his physical condition and his misgivings about undertaking such a trip, Plaintiff BUCHILLION undertook the trip as he felt he had no choice but to do so in order to preserve his position with Defendant. Once Plaintiff arrived in Chicago, he handed off the vehicle to another driver for Defendant and took a flight home at his own expense.

32. On or about September 23, 2019, upon his return from his work assignment, Defendant ACME discharged Plaintiff BUCHILLON, stating that his services were no longer necessary.

33. Defendant ACME wrongfully and unlawfully terminated Mr. BUCHILLION by of his disability and associated request for a reasonable accommodation, because his age and in retaliation for his complaints of discrimination and requests for a reasonable accommodation.

34. Moreover, ACME further discriminated and retaliated against Mr. BUCHILLION by refusing to pay Plaintiff for his last two (2) days of service with Defendant.

35. The aforementioned facts are just some of the examples of the discrimination Mr. BUCHILLION suffered. Additionally, Mr. BUCHILLION suffered claims a continuous practice of discrimination and continuing violations and makes all claims herein under the continuing violations doctrine.

36. Defendants have established a pattern and practice of not only discrimination but also retaliation.

37. As a result of the acts and conduct complained of, Mr. BUCHILLION has suffered and will continue to suffer loss of income, loss of salary, bonuses, benefits, and other compensation which such employment entails. Mr. Buchillion also suffered future pecuniary losses,

emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

38. Mr. BUCHILLION suffers from increased stress and anxiety. Similarly, Mr. BUCHILLION has trouble sleeping as a result of Defendants' conduct.

39. Further, as a result of Defendants' unlawful employment practices, Mr. BUCHILLION felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

40. As Defendants' conduct has been malicious, willful, extreme and outrageous, and with full knowledge of the law, Plaintiff respectfully seeks all available damages including but not limited to emotional distress, loss wages, back pay, front pay, statutory damages, attorney's fees, costs, interest and punitive damages from all Defendants jointly and severally.

41. Defendants' actions and conduct were intentional and intended to harm Mr. BUCHILLION.

42. Mr. BUCHILLION has presented factual allegations that would permit any reasonable jury to award damages.

43. At bottom, Defendants are liable for their reckless disregard for Mr. BUCHILLION's personal dignity and his civil right to pursue equal employment opportunity.

44. Mr. BUCHILLION has suffered damages as a result of Defendants' unlawful employment practices.

## COUNT ONE-
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

36. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

37. The ADA makes it unlawful for an employer to discriminate against an employee based on that person's disability. 42 U.S.C. §12112.

38. 42 U.S.C. §12112(a) provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

39. Further, 42 U.S.C. §12112(b)(4) provides that "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association" is a prohibited form of discrimination.

40. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant's adverse and disparate treatment of Plaintiff to which Plaintiff was subjected as described and set forth above, including his termination of employment, was because of Plaintiff's disability.

42. In subjecting Plaintiff to adverse employment action on the basis of his disability, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

43. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Plaintiff BUCHILLION in the terms and conditions of his employment because of his disability, and Defendant did unlawfully discriminate against Plaintiff in the terms and privileges of his employment because of his disability in violation of the ADA.

44. Defendant violated the ADA by unlawfully discharging and discriminating against Plaintiff based his disability, of which the Defendant was fully aware of.

45. As a result of Defendant's intentional discriminatory conduct and ACME's termination of Plaintiff's employment in violation of the ADA, Plaintiff BUCHILLION has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

46. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the ADA.  Accordingly, Plaintiff also requests punitive damages as authorized by the ADA.

47. Plaintiff further requests that his attorney's fees and costs be awarded as permitted by law.

48. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

49. Plaintiff BUCHILLION has been damaged by Defendant's illegal conduct.

### COUNT TWO- AGE DISCRIMINATION IN VIOLATION OF THE ADEA

50. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

51. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the ADEA, to include the remedies in 29 U.S.C. §621 et seq.

52. The ADEA (29 U.S.C. 626) provides that it shall be unlawful for an employer-

"(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age."

53. Defendant ACME is prohibited under the ADEA from discriminating against Plaintiff BUCHILLION because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Plaintiff BUCHILLION is a fifty-three (53) year-old male and is protected against discrimination under the ADEA.

55. Defendant ACME's employees targeted Plaintiff with discriminatory conduct based on Plaintiff's age, asserting that Plaintiff was unable to do his work due to his age and favoring younger employees in the terms and conditions of their employment.

56. Defendant treated Plaintiff BUCHILLION less favorably than similarly situated employees outside the protected class.

57. Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, refusing to permit Plaintiff to locate an alternative driver to complete his work assignment when he was unable to do so and wrongfully terminating Plaintiff on the basis of his age.

58. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

59. Plaintiff BUCHILLION has been damaged by the illegal conduct of Defendants.

## COUNT THREE-
## RETALIATION IN VIOLATION OF THE ADA

60. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

61. Defendant ACME discriminated against Plaintiff BUCHILLION due to his disability in making multiple employment related decisions.

62. The ADA (29 U.S.C. §12203(a)) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

63. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations of the ADA by Defendant ACME's employees had occurred.

64. At all times relevant, the unlawful discrimination by Defendants employees against Plaintiff in the terms and conditions of his employment because he opposed a practice made unlawful by the ADA.

65. At all material times, the employer exhibiting discriminatory conduct against Plaintiff BUCHILLION possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

66. Defendant intentionally retaliated against Plaintiff by discharging him for complaining of actions by Defendant made unlawful under the ADA.

67. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

68. Plaintiff BUCHILLION has been damaged by the illegal conduct of Defendants.

## COUNT FOUR-
## RETALIATION IN VIOLATION OF THE ADEA

69. Plaintiff realleges and incorporates by reference each allegation contained in the previous paragraphs, and further alleges as follows.

70. Defendant ACME discriminated against Plaintiff BUCHILLION due to his age in making multiple employment related decisions.

71. The ADEA (29 U.S.C. 623(d)) provides that "it shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

72. At all times relevant, Plaintiff BUCHILLION acted in good faith and with the objective and subjective belief that violations of the ADEA by Defendant ACME's employees had occurred.

73. At all times relevant, the unlawful discrimination by Defendants employees against Plaintiff in the terms and conditions of his employment because he opposed a practice made unlawful by the ADEA which would not have occurred but for that opposition.

74. At all material times, the employer exhibiting discriminatory conduct against Plaintiff BUCHILLION possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

75. Defendant intentionally retaliated against Plaintiff by discharging him for complaining of actions by Defendant made unlawful under the ADEA.

76. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

77. Plaintiff BUCHILLION has been damaged by the illegal conduct of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and economic damages, punitive damages, liquidated damages, attorneys 'fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: Miami, Florida
April 21, 2021

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

/s/ _____
Lauren Tobin, Esq.
Florida Bar Number 1024850
Lauren@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741